2007 WY 113

**Robert James HAUCK, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

**No. 06–216.**

Supreme Court of Wyoming.

July 18, 2007.

Representing Petitioner: Diane Lozano, State Public Defender; Tina N. Kerin, Post–Conviction Counsel, State Public Defender Program. Argument by Ms. Kerin.

Representing Respondent: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; David L. Delicath, Senior Assistant Attorney General. Argument by Mr. Delicath.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

Robert James Hauck seeks review of the district court's order dismissing his petition for post-conviction relief from a conviction for felony property destruction. Hauck claims the district court erred in summarily dismissing his petition. We affirm in part, reverse in part, and remand.

[¶ 2] The procedural facts in this case are not in dispute. On January 24, 2000, while awaiting trial on other criminal charges, Hauck repeatedly threw a pay telephone at a window and a door at the Natrona County Detention Center. His actions caused damage to the telephone, the window, and the door in excess of $500.00. As a result of that incident, Hauck was charged with felony property destruction in violation of Wyo. Stat. Ann. § 6–3–201(a) and (b)(iii).[1] Following a preliminary hearing in which he proceeded pro se, Hauck was bound over to district court.

At his arraignment on March 21, 2000, Hauck pled not guilty, and informed the district court he wanted to represent himself. The district court set a trial date of May 15, 2000. The district court later vacated the trial date and, on June 16, 2000, ordered that Hauck be evaluated, pursuant to Wyo. Stat. Ann. §§ 7–11–301 through 7–11–304, to determine his mental fitness to

---

**1.** The statute was amended in 2004 to raise the felony amount from $500.00 to $1,000.00. 2004 Wyo. Sess. Laws ch. 126.

proceed. The evaluation revealed no mental incapacity in terms of Hauck's ability to comprehend the charge against him, understand the criminal proceedings, or conduct a rational defense. On August 31, 2000, the district court entered an order finding Hauck competent to proceed.

[¶ 4] The case first went to trial on September 5, 2000, with Hauck representing himself, and resulted in a hung jury. The case was retried on October 10, 2000, and Hauck again represented himself. The jury found Hauck guilty of felony property destruction. The district court sentenced Hauck to a term of eight to ten years, to be served consecutively to the sentences previously imposed in another criminal case. On February 7, 2005, Hauck filed a pro se notice of appeal, which this Court dismissed as untimely on May 31, 2005.

 On January 27, 2006, Hauck filed a petition for post-conviction relief in the district court. In response to the State's motion to dismiss the petition pursuant to W.R.C.P. 12(b)(6), Hauck filed an amended petition on July 27, 2006, to which the State did not object. The issues raised in Hauck's amended post-conviction petition concerned his competency to stand trial and to represent himself in the criminal proceedings, the waiver of his Sixth Amendment right to counsel, the use of physical restraints during trial, prosecutorial misconduct, and the legality of his sentence. During a hearing held on July 27, 2006, the district court granted the State's motion to dismiss, concluding that the petition failed to state a claim upon which relief could be granted. Specifically, the district court determined that Hauck's complaints did not satisfy the requirements of Wyo. Stat. Ann. § 7–14–101(b). The court also determined that Hauck's claims could have been raised in a direct appeal from conviction and, therefore, were procedurally barred under Wyo. Stat. Ann. § 7–14–103(a)(i). Hauck then filed a petition for writ of review, which this Court granted on October 10, 2006.

[¶ 6] After a thorough review of the record, we believe the district court erred in its ruling. We do not agree that Hauck's claims are not cognizable in the post-conviction relief action, nor do we agree that his claims are procedurally barred given the facts of this case.

### Wyoming Statute § 7–14–101(b)

 [¶ 7] The tenets of post-conviction relief are well established by §§ 7–14–101 through 7–14–108 (LexisNexis 2005) as construed by this Court. Post-conviction relief is available in limited circumstances to redress constitutional errors occurring in the proceedings resulting in the defendant's conviction. § 7–14–101(b).[2] Accordingly, constitutional errors relating to the finding of guilt are open for consideration in a post-conviction relief action, whereas claims of error pertaining to sentencing are not. *Harlow v. State*, 2005 WY 12, ¶ 6, 105 P.3d 1049, 1056–57 (Wyo.2005).

[¶ 8] One of the issues raised by Hauck in his petition below was whether he had received appropriate credit on his sentence for time served. The district court dismissed this issue as being not cognizable in a post-conviction relief action. This determination by the district court is correct, and we affirm that decision.

[¶ 9] We cannot agree, however, that Hauck's other claims fall outside the scope of § 7–14–101(b). Hauck's challenges to his competency, his Sixth Amendment right to counsel, the use of restraints at trial, and prosecutorial misconduct all implicate constitutional protections and relate to the finding of guilt. *See Smith v. State*, 871 P.2d 186, 190 (Wyo.1994) (due process prohibits trial of an incompetent defendant); *Asch v. State*, 2003 WY 18, ¶ 57, 62 P.3d 945, 962–63 (Wyo. 2003) (courtroom restraints implicate constitutional right to a fair trial); *Dysthe v. State*, 2003 WY 20, ¶ 31, 63 P.3d 875, 886 (Wyo. 2003) (prosecutorial misconduct implicates constitutional right to a fair trial). We therefore reverse the district court's determi-

---

2. § 7–14–101(b) states in part:

(b) Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act.

nation on those challenges and remand for further consideration.

### Procedural bar

[¶ 10] The district court also ruled that Hauck's claims were barred from consideration in the post-conviction relief action because they could have been raised in a direct appeal from conviction. § 7–14–103(a)(i).[3] The district court's ruling generally would be correct in light of Hauck's failure to timely appeal his conviction. In this case, however, we find that Hauck was effectively denied his direct appeal. The right to appeal, if that right is granted by a state, as Wyoming has, is a due process right. *See Evitts v. Lucey,* 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985); *Farbotnik v. State,* 850 P.2d 594, 598 (Wyo. 1993). Because of its constitutional magnitude, the right must be zealously protected. The record shows that the district court, after imposing sentence, abrogated its duty to protect this right by failing to advise Hauck of his right to appeal his conviction as mandated by W.R.Cr.P. 32(c)(3).[4] The record does not otherwise reflect that Hauck knew of his right to appeal and the process involved to effectuate that right. Under these extenuating circumstances, where the district court undermined Hauck's ability to take a timely direct appeal, we will not allow the district court's mistake to prejudice Hauck.[5] We conclude that, given these specific facts, Hauck's failure to appeal cannot be relied upon as grounds for summarily dismissing his petition for post-conviction relief. The district court's ruling that Hauck's claims were procedurally barred is hereby reversed.

3. § 7–14–103(a)(i) states:
 (a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:
 (i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction[.]

4. Rule 32(c)(3) provides in pertinent part:
 (3) Advisement of Right to Appeal.—After imposing sentence in a case which has gone to trial, the court shall advise the defendant of:
 (A) The defendant's right to appeal, including the time limits for filing a notice of appeal; and

## CONCLUSION

[¶ 11] Hauck's claim that he should have received credit on his sentence for time served is not cognizable in a post-conviction relief action and, consequently, the district court's dismissal of this claim is affirmed.

[¶ 12] As discussed above, the district court improperly dismissed Hauck's other claims. Its rulings concerning those claims are reversed. This case is remanded to the district court for further proceedings.

(B) The right of a person who is unable to pay the cost of an appeal to apply for leave to appeal *in forma pauperis,* to have appointed counsel represent the defendant on appeal, and to have the clerk of court file a notice of appeal.

5. We decline the State's invitation to ignore the district court's failure simply because the advice required by Rule 32(c)(3) is an aspect of the sentencing proceeding. Giving the advice is unrelated to, and indeed comes after, the actual sentencing.