2012 WY 15

**Randall D. SCHREIBVOGEL, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

**No. S–11–0172.**

Supreme Court of Wyoming.

Feb. 7, 2012.

Representing Petitioner: W. Keith Goody, Cougar, Washington.

Representing Respondent: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; Meri V. Geringer, Senior Assistant Attorney General. Argument by Ms. Geringer.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] We granted the appellant's Petition for Writ of Review in which we were asked to review the district court's dismissal of the appellant's Verified Petition for Post–Conviction Relief. We agree with the district court that the appellant's claim of ineffective assistance of trial counsel is barred by Wyo. Stat. Ann. § 7–14–103(a)(iii) (LexisNexis 2011). Therefore, the district court did not have jurisdiction to consider the petition. Having no better jurisdiction than did the district court, we likewise dismiss the petition before this Court.

## ISSUE

[¶ 2] Where an appellant has raised a claim of ineffective assistance of trial counsel

in his direct appeal, and that claim has been decided against him on the merits, may he raise a claim of ineffective assistance of trial counsel, based upon different allegations, in a petition for post-conviction relief?

### FACTS

[¶ 3]   The appellant was convicted of two counts of first-degree sexual assault and one count of robbery.   Our opinion affirming those convictions upon direct appeal is found at *Schreibvogel v. State*, 2010 WY 45, 228 P.3d 874 (Wyo.2010).   In that proceeding, the appellant alleged, *inter alia*, that his trial counsel was ineffective for failing to object to inadmissible evidence, and for failing adequately to cross-examine the victim in regard to the defense of consent.   *Id.* at ¶¶ 47–49, 228 P.3d at 889–90.   The appellant did not prevail on either allegation.   *Id.* at ¶¶ 48, 50, 228 P.3d at 889–90.

[¶ 4]   Just less than a year after losing his appeal, the appellant filed in the district court a Verified Petition for Post–Conviction Relief.   In his petition, the appellant alleged that his appellate counsel was ineffective for not raising in the direct appeal two additional allegations of trial counsel's ineffectiveness: (1) failure to pursue as a defense the synergistic effect of the victim's simultaneous use of the prescription drug Paxil and alcohol; and (2) failure to investigate and pursue expert medical testimony as to the cause of an injury to the victim's face.   In addition, the appellant also alleged that appellate counsel rendered ineffective assistance by failing to seek an evidentiary hearing under W.R.A.P. 21.

[¶ 5]   The State responded to the petition by filing a Motion to Dismiss Petition for Post–Conviction Relief.   The State cited Wyo. Stat. Ann. § 7–14–103(a)(iii) for the proposition that the appellant's claim of ineffective assistance of trial counsel was procedurally barred because it had been determined on the merits in the direct appeal. The district court heard the motion to dismiss and subsequently issued a lengthy decision letter and order dismissing the petition. The district court's conclusion was as follows:

> The State's *Motion to Dismiss Petition for Post–Conviction Relief* is GRANTED.

Mr. Schreibvogel's post-conviction claim of ineffective assistance of trial counsel is procedurally barred by Wyoming Statute § 7–14–103(a)(iii) because he raised a claim of ineffective assistance of trial counsel in his direct appeal, which was decided on the merits.   Additionally, Mr. Schreibvogel's claim of ineffective assistance of appellate counsel is barred by Wyoming Statute § 7–14–101(b) because it is not a claim of error arising in the proceedings that resulted in his conviction.

[¶ 6]   The appellant's response to dismissal of his petition was to file in this Court a Petition for Writ of Review.   We granted that petition, the matter was briefed, and oral argument has been heard, bringing the case to its present posture.

### RELEVANT STATUTES

[¶ 7]   Post-conviction relief is a statutory remedy, with the following statutory provisions at issue in the instant proceedings: Wyo. Stat. Ann. § 7–14–101(b) (LexisNexis 2011) provides in relevant part as follows:

> (b) Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act. . . .

In turn, Wyo. Stat. Ann. § 7–14–103 provides in relevant part as follows:

> (a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:
>
>> (i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;
>>
>> (ii) Was not raised in the original or an amendment to the original petition under this act; or
>>
>> (iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.
>
> (b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if:

. . . .

(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition.

. . . .

## STANDARD OF REVIEW

[¶ 8] Pursuant to Wyo. Stat. Ann. § 7–14–103(a), the question of whether a court may hear a petition for post-conviction relief is a question of jurisdiction. The question of jurisdiction is a question of law that we review *de novo. Jones v. State,* 2011 WY 114, ¶ 7, 256 P.3d 527, 531 (Wyo.2011). In the instant case, the district court treated the State's motion to dismiss as being similar to a motion under W.R.C.P. 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, which also presents a question of law. *See Kennedy v. State,* 443 P.2d 138, 139 (Wyo.1968) (*per curiam* affirmance of dismissal of petition for post-conviction relief for failure to state a cause of action). A petition for post-conviction relief is, however, different from a W.R.C.P. 12(b)(6) motion to dismiss because the contents of the petition need not be considered as true. *Harlow v. State,* 2005 WY 12, ¶ 7, 105 P.3d 1049, 1059 (Wyo.2005); *State ex rel. Hopkinson v. District Court, Teton County,* 696 P.2d 54, 61–62 (Wyo.1985), *cert. denied,* 474 U.S. 865, 106 S.Ct. 187, 88 L.Ed.2d 155 (1985).

[¶ 9] It may be helpful if we restate the question before us in a different form: As applied in the context of alleged ineffective assistance of trial counsel, does the word "claim" in Wyo. Stat. Ann. § 7–14–103(a) mean the broader concept of the constitutional right to the effective assistance of counsel, or does it mean the narrower concept of each separate factual assertion of alleged ineffectiveness? As stated in this form, the question is a question of statutory construction, which also is a question of law that we review *de novo. Roden v. State,* 2007 WY 200, ¶ 5, 173 P.3d 369, 371 (Wyo. 2007).

The fundamental purpose of statutory construction is to ascertain, if possible, what the legislature intended by the language it used. We begin with an inquiry into the ordinary and obvious meaning of the words employed by the legislature, according to the manner in which those words are arranged. If the legislative pronouncements are written in unambiguous terms, then we are bound by those words. Moreover, we construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.*

*Demeulenaere v. State,* 995 P.2d 132, 134 (Wyo.2000) (internal citations omitted). If we determine that a statute is unambiguous, we do not further apply rules of construction, and we do not extend statutes to matters that do not fall within its express provisions. *State ex rel. Wyo. Dep't of Revenue v. Hanover Compression, LP,* 2008 WY 138, ¶ 8, 196 P.3d 781, 784 (Wyo.2008).

## DISCUSSION

[¶ 10] This discussion must take place in the context of our post-conviction relief jurisprudence, in which we have been steadfast in holding that post-conviction relief is a strictly confined statutory remedy. *See, e.g., Rathbun v. State,* 2011 WY 116, ¶ 13, 257 P.3d 29, 34 (Wyo.2011) (both the statute and the doctrine of *res judicata* forbid raising matters in post-conviction relief that were, or could have been, raised on appeal); *Harlow,* 2005 WY 12, ¶ 6, 105 P.3d at 1057 ("only substantial violations of constitutional rights amounting to a miscarriage of justice will warrant relief"); *Taylor v. State,* 2003 WY 97, ¶¶ 8–9, 74 P.3d 1236, 1239 (Wyo. 2003) (policy favoring finality in criminal proceedings forbids use of post-conviction relief as a substitute for direct appeal); *Nixon v. State,* 2002 WY 118, ¶¶ 9–26, 51 P.3d 851, 853–58 (Wyo.2002) (statute reflects policy favoring finality, statute has a *res judicata* effect, and court's exercise of jurisdiction outside the statute would violate constitutional doctrine of separation of powers); *Kallas v. State,* 776 P.2d 198, 199–200 (Wyo.1989) (statute has *res judicata* effect); *Amin v. State,* 774 P.2d 597, 599 (Wyo.1989) (matters raised on appeal are procedurally barred,

and matters not raised that could have been raised, are procedurally waived under post-conviction relief statute); *Whitney v. State,* 745 P.2d 902, 903 (Wyo.1987) (statute applies only to proceedings which resulted in conviction, so does not apply to sentencing); *Diefenderfer v. State,* 745 P.2d 556, 557 (Wyo. 1987) (courts have no jurisdiction under the statute unless the petitioner is in the penitentiary); *Hoggatt v. State,* 606 P.2d 718, 722 (Wyo.1980) (relief under the statute requires "extraordinary circumstances which strongly suggest a miscarriage of justice"); *Johnson v. State,* 592 P.2d 285, 286 (Wyo.1979) (post-conviction relief limited to grounds authorized by the statute, and not granted except in "extraordinary circumstances where there is a likelihood that without it the defendant would not have been found guilty and the probability of the miscarriage of justice is strong."); *Munoz v. Maschner,* 590 P.2d 1352, 1355 (Wyo.1979) (petitioner has burden of showing denial of constitutional safeguards—the absence of fundamental fairness).[1]

[¶ 11]  It is noteworthy that the post-conviction relief statutes speak in terms of a petitioner's "claim." We have previously defined that term, as compared to the term "issue," as follows:

> A "claim" is "[t]he aggregate of operative facts giving rise to a right enforceable by a court[.]" *Black's Law Dictionary* 281 (9th ed. 2009). An "issue," on the other hand, is "[a] point in dispute between two or more parties ... [that] may take the form of a separate and discrete question of law or fact, or a combination of both." *Id.* at 907.

*Rathbun,* 2011 WY 116, ¶ 9, 257 P.3d at 33.[2] In the instant case, the "claim" that is barred

by the statute and by the doctrine of *res judicata* is the claim of a constitutional right to effective assistance of counsel. That is the right that is enforceable by the court. The issues are the various factual allegations of ineffectiveness that make up the claim. Because the claim of ineffective assistance of counsel was raised in the direct appeal, and was decided against the appellant, he is barred by the provisions of Wyo. Stat. Ann. § 7–14–103(a)(iii) from raising that claim again in a post-conviction relief petition.

[¶ 12]  The foregoing conclusion might end this discussion, but an additional aspect of the matter requires comment. Wyo. Stat. Ann. § 7–14–103(b)(ii) provides that, notwithstanding the procedural bar contained in subsection (a)(i) of the same section, a court may hear a post-conviction relief petition if it first "makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal." We have said that " 'claims of ineffective assistance of appellate counsel are statutorily recognized as the 'portal' through which otherwise waived claims of trial-level error may be reached.' " *Keats v. State,* 2005 WY 81, ¶ 12, 115 P.3d 1110, 1115 (Wyo. 2005) (quoting *Harlow,* 2005 WY 12, ¶ 6, 105 P.3d at 1056).

In order to prevent petitioners from circumventing the "waiver" rule altogether by claiming ineffective assistance of their appellate counsel, this Court has adopted a strict test for reviewing that claim. *Cutbirth v. State,* 751 P.2d 1257, 1266–67 (Wyo.1988). The issue of whether a counsel's performance was constitutionally deficient should be analyzed in much the same way that this Court has analyzed the concept of plain error.

---

1. In a couple of instances, we have allowed an appellant's constitutional right to appeal to "trump" the limitations of the post-conviction relief statutes. In *Hauck v. State,* 2007 WY 113, ¶ 10, 162 P.3d 512, 515 (Wyo.2007), we concluded that Hauck's petition for post-conviction relief should not be dismissed due to his failure to file a timely appeal because the district court had denied Hauck his right to appeal by failing to advise him of that right. In *Keats v. State,* 2005 WY 81, ¶ 26, 115 P.3d 1110, 1120 (Wyo.2005), we concluded that Keats did not have an opportunity to raise on appeal the claim of ineffective

assistance of trial counsel because the same law office represented him at trial and on appeal.

2. Consistent with our use of the doctrine of *res judicata* in discussing the post-conviction relief statutes is the fact that *res judicata* is "claim preclusion," while collateral estoppel is "issue preclusion." *Erwin v. State, Dep't of Family Services,* 2010 WY 117, ¶ 10, 237 P.3d 409, 412–13 (Wyo.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1785, 179 L.Ed.2d 657 (2011); *Wilson v. Lucerne Canal & Power Co.,* 2007 WY 10, ¶¶ 22–23, 150 P.3d 653, 662 (Wyo.2007).

In submitting a claim of deficient representation by appellate counsel, the petitioner in the post-conviction proceeding must demonstrate to the district court, by reference to the record of the original trial without resort to speculation or equivocal inference, what occurred at that trial. The particular facts upon which the claim of inadequate representation by appellate counsel rests must be presented. The petitioner then must identify a clear and unequivocal rule of law which those facts demonstrate was transgressed in a clear and obvious, not merely arguable, way. Furthermore, the petitioner must show the adverse effect upon a substantial right in order to complete a claim that the performance of appellate counsel was constitutionally deficient because of a failure to raise the issue on appeal. The adverse effect upon a substantial right in the context of ineffective assistance of appellate counsel is shown by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Smizer v. State*, 835 P.2d 334, 337 (Wyo.1992) (internal citations and quotation marks omitted).

■■■ This brings us full circle to the question of first impression now before this Court: Where the appellant has raised the claim of ineffective assistance of trial counsel in his direct appeal, may he raise the claim again, on different factual grounds, in a petition for post-conviction relief by arguing that appellate counsel was ineffective for not raising those different factual grounds? We answer the question in the negative, for several reasons. First, we agree with the rationale of *Peoples v. United States*, 403 F.3d 844, 847–48 (7th Cir.2005):

Peoples presented ineffective-assistance arguments in his two prior appeals. That ground was resolved adversely to him on

the merits, twice. Although Peoples now wants to present new instances of supposed shortcomings, ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief.

In short, as discussed above, *see supra* ¶ 5, the "claim" is ineffective assistance of counsel, and that claim has been determined on the merits.

■■■ [¶ 14] Relying upon the "law of the case" doctrine, rather than *res judicata*, the court in *Peoples* also declared as follows, with which declaration we also agree and which we find applicable to the doctrine of *res judicata*:

The twin goals of this doctrine are to ensure that the parties marshal all of their facts and arguments so that a dispute may be resolved in one pass, and to conserve judicial resources. Treating new arguments as grounds for a second decision would contradict both rationales and in practical effect abandon the doctrine.

*Peoples*, 403 F.3d at 846–47.[3] Exactly the same can be said about both the statutory bar and the doctrine of *res judicata*. Allowing the appellant to raise the claim of ineffective assistance of counsel in a post-conviction relief petition, after that claim has been determined against him on the merits in his appeal, would negate both the narrow intent of the statute we have previously recognized and the goal of finality inherent in the statute and in *res judicata*. We do not find the statute ambiguous; its intent is to limit a criminal defendant to "one bite at the apple" when presenting claims on appeal.

[¶ 15] It is also clear from the unambiguous wording of Wyo. Stat. Ann. § 7–14–103(b) that the jurisdictional exception for instances where a court has found ineffective assistance of appellate counsel applies only to the single subsection mentioned therein. That is, it applies only where the court has

---

3. "Under the law of the case doctrine, a court's decision on an issue of law at one stage of a proceeding is binding in successive stages of the litigation." *Goodman v. Voss*, 2011 WY 33, ¶ 56, 248 P.3d 1120, 1134 (Wyo.2011).

found appellate counsel ineffective for failing to raise a claim in the direct appeal, resulting in that claim being barred from consideration in post-conviction relief by Wyo. Stat. Ann. § 7–14–103(a)(i). The jurisdictional exception found in Wyo. Stat. Ann. § 7–14–103(b) does not apply so as to allow a petitioner to supplement, in post-conviction relief proceedings, a claim that was denied on the merits in the direct appeal. If that had been the legislature's intent, the "notwithstanding" found in Wyo. Stat. Ann. § 7–14–103(b) would not be limited to subsection (a)(i), but would also include subsection (a)(iii).

[¶ 16] The appellant relies upon *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995) for the proposition that the claim of ineffective assistance of counsel should be raised in a post-conviction relief petition rather than in a direct appeal. The problem with that reliance is that *Galloway* is based upon federal law, where the equivalent of a W.R.A.P. 21 remand hearing takes place during the post-conviction relief process, rather than during the direct appeal. *Galloway*, 56 F.3d at 1240 n.1. Therefore, in the federal system, the evidentiary development of a claim does not take place during the direct appeal, as is the case in Wyoming.[4] The *Galloway* rationale has been rejected, at least in part, in two states because of the availability of an evidentiary hearing such as Wyoming's W.R.A.P. 21 hearing before the post-conviction process. *See Rice v. State*, 37 Kan.App.2d 456, 154 P.3d 537 (2007), and *Berget v. State*, 907 P.2d 1078 (Okla.Crim. App.1995). Beyond that, our statute clearly prohibits the consideration under a post-conviction relief petition of claims raised in the direct appeal, so even if an evidentiary hearing were available at this point, the claim of ineffective assistance of trial counsel would be barred by statute. "It is not for this Court to extend the availability of post-conviction relief beyond its statutory limits . . . ."

4. Though not relied upon by the petitioner, *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), should also be mentioned. In *Massaro*, a unanimous Supreme Court held that the procedural default rule-claims not raised on direct appeal may not be raised on collateral review-is not promoted by requiring ineffective assistance of counsel claims

*Harlow*, 2005 WY 12, ¶ 6, 105 P.3d at 1057 n.4.

[¶ 17] Finally, we will note that, while Wyo. Stat. Ann. § 7–14–103(b)(ii) is the basis for our conclusion in other cases that a claim of ineffective assistance of appellate counsel may provide a "portal" through which otherwise waived claims of trial error may be raised, no "stand-alone" claim of ineffective assistance of appellate counsel has thereby been created. *Id.*, 2005 WY 12, ¶ 6, 105 P.3d at 1057. Post-conviction relief is limited to errors occurring during the "proceedings which resulted in" conviction. Wyo. Stat. Ann. § 7–14–101(b). Therefore, as correctly determined by the district court, the appellant's independent claim of ineffective assistance of appellate counsel for failing to request an evidentiary hearing, not being authorized by statute, is not cognizable in these proceedings.

### CONCLUSION

[¶ 18] Where a claim of ineffective assistance of counsel has been raised and decided against the appellant in his direct appeal, he may not raise a claim of ineffective assistance of counsel, based upon different allegations, in a petition for post-conviction relief because the claim is procedurally barred by Wyo. Stat. Ann. § 7–14–103(a)(iii). A stand-alone claim of ineffective assistance of appellate counsel is not cognizable under the post-conviction relief statutes because post-conviction relief is limited to the alleged denial of constitutional rights during the proceedings which resulted in conviction. The jurisdictional exception for the consideration of ineffective assistance of appellate counsel provided in Wyo. Stat. Ann. § 7–14–103(b)(ii) is limited to situations where a claim "[c]ould have been raised but was not raised" in the direct appeal, as addressed by Wyo. Stat. Ann. § 7–14–103(a)(i).

to be brought on direct appeal, because the evidentiary hearing takes place during collateral review. *Massaro*, 538 U.S. at 504, 123 S.Ct. at 1693-94. Like *Galloway*, *Massaro* does not control our decision in the instant case because it is based on federal procedures that differ from ours.

[¶ 19] The petition for post-conviction relief is dismissed.

KITE, Chief Justice, concurring.

[¶ 20] I write separately because, while I agree that Mr. Schreibvogel is not entitled to the relief he seeks, I disagree with the majority's conclusion that the district court and this Court lack subject matter jurisdiction to decide his post-conviction claim. I disagree with the majority's interpretation of Wyo. Stat. Ann. § 7–14–101, *et seq.* because it precludes consideration of an issue involving a constitutional right that was not raised and could not have been raised in a direct appeal and has not been decided in any previous proceeding. Were I writing the majority opinion, I would hold that Mr. Schreibvogel's assertion that he was denied his Sixth Amendment right to effective assistance of appellate counsel falls within the scope of § 7–14–101(b) and is not barred under § 7–14–103 and I would address the merits of the claim.

[¶ 21] In relevant part, § 7–14–101(b) provides:

Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act.

Mr. Schreibvogel is a person serving a felony sentence in the Wyoming State Penitentiary who asserts that in the proceedings resulting in his conviction there was a substantial denial of his right to counsel under the Sixth Amendment. He is, therefore, entitled to institute proceedings under § 7–14–101 unless his claim is barred under § 7–14–103(a). That section provides in pertinent part as follows:

(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;

. . .

or

(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.

Mr. Schreibvogel's claim that he was denied effective assistance of appellate counsel could not have been raised in his direct appeal from the proceeding resulting in his conviction. It follows that the claim also has not been decided in any previous proceeding which has become final. Under the clear language of the statute, Mr. Schreibvogel's claim of ineffective assistance of appellate counsel is not barred and the district court had jurisdiction to decide the claim.

[¶ 22] In concluding otherwise, the majority opinion interprets the statutory language to mean that because Mr. Schreibvogel claimed in his direct appeal that his trial counsel was ineffective and we held otherwise, he is forever barred from challenging the effectiveness of his appellate counsel—a claim that was not, and could not, have been raised on direct appeal; a claim, therefore, that has never been decided. This interpretation leaves Mr. Schreibvogel with no relief for his claim that his Sixth Amendment right to effective appellate counsel was violated. I do not believe this result is what the legislature intended. It is also contrary to this Court's prior statements.

[¶ 23] In *Cutbirth v. State,* 751 P.2d 1257, 1263 (Wyo.1988), this Court held that post-conviction review was required of a petitioner's claim that appellate counsel ineffectively failed to present claims in his direct appeal concerning the improper admission of evidence and the violation of his right not to be compelled to give evidence against himself. The Court did not address the question of whether post-conviction relief is available when a petitioner asserts that appellate counsel presented a claim of ineffective assistance of trial counsel on direct appeal but did so ineffectively. However, the Court made it clear that a "claim of ineffective assistance of appellate counsel is not an issue which can be foreclosed as a matter of waiver ... under Wyoming law because it is not an issue that could have been raised in the initial appeal." *Id.* Thus, this Court has recognized, as the legislature did in enacting § 7–14–103, that

claims for ineffective assistance of appellate counsel are appropriate matters for consideration in post-conviction proceedings because they cannot be raised on direct appeal. They necessarily arise only after appeal.

[¶ 24] Despite this reality, the majority carves out a narrow exception to the non-waiver rule. The majority holds that a post-conviction claim for ineffective assistance of appellate counsel is waived if a claim of ineffective assistance of trial counsel was made on direct appeal. The majority reasons that creating this exception is appropriate because the issue of trial counsel's effectiveness has already been decided on direct appeal and post-conviction relief is not available to obtain review of issues previously raised or decided. The most obvious problem with this reasoning is that the issue of *appellate* counsel's effectiveness or ineffectiveness has not been previously raised or decided. The other problem, in my view, is that it denies post-conviction relief to a narrow category of petitioners, those who raised ineffective assistance of trial counsel on direct appeal, who claim to have received ineffective assistance of appellate counsel while it allows others with the same claim, those who did not raise ineffective assistance of trial counsel on direct appeal, to obtain review. Yet, in both instances post-conviction relief is sought for ineffective assistance of appellate counsel; in both instances the issue of appellate counsel's ineffectiveness was not raised in the direct appeal; and in both instances the issue of appellate counsel's ineffectiveness has not been decided on its merits in any previous proceeding. In both instances, I would hold that post-conviction review is required.

[¶ 25] In the present case, I would also hold that Mr. Schreibvogel has failed to demonstrate that he was denied effective assistance of appellate counsel. In reaching that result, I would apply the following principles from *Cutbirth*, 751 P.2d at 1266–67:

> In submitting a claim of deficient representation by appellate counsel, the petitioner in the post-conviction proceeding must demonstrate ..., by reference to the record of the original trial without resort to speculation or equivocal inference, what occurred at that trial. The particular facts upon which the claim of inadequate representation by appellate counsel rests must be presented. The petitioner then must identify a clear and unequivocal rule of law which those facts demonstrate was transgressed in a clear and obvious, not merely arguable, way. Furthermore, the petitioner must show the adverse effect upon a substantial right in order to complete a claim that the performance of appellate counsel was constitutionally deficient because of a failure to raise the issue on appeal. [citations omitted] The adverse effect upon a substantial right in the context of ineffective assistance of appellate counsel is shown by demonstrating a " * * * reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington, supra,* 466 U.S. [668] at 694, 104 S.Ct. [2052] at 2068 [80 L.Ed.2d 674 (1984) ]. * * * The reasonable probability must be one that demonstrates a more favorable result to the appellant if the omitted issue had been pursued.

[¶ 26] Ordinarily, the determination as to whether the petitioner has made the required showing is to be made in the district court in which the post-conviction proceeding was filed. Here, however, as was also the case in *Cutbirth, id.* at 1264, the district court did not hold a hearing on the claim of ineffective assistance of appellate counsel. Under these circumstances, I would do what was done in *Cutbirth, id.,* and turn to the record of the original trial in order to weigh the question of deficient performance and prejudice.

[¶ 27] Mr. Schreibvogel alleges that his appellate counsel was ineffective in his direct appeal in not raising trial counsel's failure to pursue the effect of the victim's use of Paxil and alcohol or expert testimony as to the cause of an injury to the victim's face. He also alleges appellate counsel was ineffective in failing to seek a remand hearing under W.R.A.P. 21. From the record of the original trial, I would conclude not only that appellate counsel's performance was not deficient but that there was no prejudice to Mr.

Schreibvogel. Testimony was presented at trial about the victim's use of Paxil and alcohol and the fact that consuming alcohol while taking Paxil is not recommended. It was undisputed that the victim was taking Paxil and consumed alcohol on the night in question. At least one witness testified and the hospital notes reflected that the victim was intoxicated. Testimony was also presented that the victim fell outside her shop and injured her face. Additionally, testimony was presented that the victim was in and out of consciousness during the assault.

[¶ 28] From this evidence, trial counsel argued to the jury that the victim consumed alcohol to the point of being intoxicated while she was taking Paxil and, if she was drugged, that was the cause. Trial counsel also argued that the evidence showed she fell out- side her shop causing the injury to her face. Given the trial record, I would conclude appellate counsel made no professional error as Mr. Schreibvogel asserts and a reasonable probability does not exist that the result would have been different had appellate counsel raised the issues Mr. Schreibvogel asserts should have been raised.

VOIGT, J., delivers the opinion of the Court; KITE C.J., files a concurring opinion.