FILED
United States Court of Appeals
Tenth Circuit

September 23, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS VINCENT GILCHRIST,

Defendant - Appellant.

No. 14-3057
(D.C. No. 2:12-CR-20066-KHV-JPO-40)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **MATHESON**, **EBEL**, and **BACHARACH**, Circuit Judges.

Carlos Vincent Gilchrist pled guilty pursuant to a written plea agreement in which he waived his right to appeal his conviction or sentence, so long as the court sentenced him to the 180-month term of imprisonment agreed to by the parties. The court did so. Despite the appeal waiver, Mr. Gilchrist filed a notice of appeal.[1]

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In his docketing statement, Mr. Gilchrist indicates that he intends to argue that he should have been allowed to withdraw his guilty plea because the government violated *Brady v. Maryland*, 373 U.S. 83 (1963).

The government moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In deciding whether to grant the motion to enforce, *Hahn* directs us to consider three factors: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Gilchrist concedes the appeal falls within the scope of the appellate waiver, but he argues that he did not enter into the plea agreement and waive his appeal rights knowingly and voluntarily and it would be fundamentally unfair to enforce the appeal waiver. Because we disagree, we grant the government's motion to enforce and dismiss this appeal.

## I. BACKGROUND

A second superseding indictment charged Mr. Gilchrist with (1) conspiring to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of cocaine base and (2) possession with intent to distribute cocaine. He moved to suppress the evidence of the cocaine found on his person at the time of his arrest, but the district court denied the motion.

On the day trial was to begin, Mr. Gilchrist and the government entered into a plea agreement whereby Mr. Gilchrist would plead guilty to the conspiracy charge and the government would dismiss the possession charge. The plea agreement stated that "[i]f the Court agrees to the proposed plea agreement, [Mr. Gilchrist] knowingly

and voluntarily waives any right to appeal . . . any matter in connection with this prosecution, conviction and sentence. . . ." Plea Agreement at 8-9. Further, he "waive[d] any right to appeal if the Court impose[d] the [180-month] sentence requested by the parties." *Id*. at 9. The agreement ended by stating that Mr. Gilchrist "freely and voluntarily" "enter[ed] into th[e] agreement and [was] pleading guilty because [he] is guilty." *Id*. at 12.

At the plea colloquy, Mr. Gilchrist similarly affirmed his desire to plead guilty. He indicated that (1) he had read the plea agreement; (2) he and his attorney had discussed the advantages and disadvantages of pleading guilty or going to trial; (3) he knew he could get a greater sentence if he went to trial; (4) his attorney told him all of the factors that go into sentencing; (5) he understood the maximum sentence was life imprisonment; (6) he entered the plea freely and voluntarily because he is guilty; and (7) he made the final decision to plead guilty.

Before sentencing, however, he moved to withdraw his guilty plea, asserting that his plea was not knowing and voluntary because the government violated *Brady v. Maryland* by failing to disclose impeaching or exculpatory information before the suppression hearing or the entry of his plea. *But see United States v. Ruiz*, 536 U.S. 622, 625, 629, 633 (2002) (holding that Constitution does not require government to disclose impeachment evidence before entering into plea agreement with defendant). The magistrate judge denied the motion, as well as a pro se motion to reconsider.

After the denial of the motion to withdraw, the case proceeded to sentencing. At the sentencing hearing, Mr. Gilchrist again emphasized his desire to withdraw his guilty plea. But he changed his reason for wanting to do so. He asserted that he entered into the plea agreement because his attorney led him to believe that if he was convicted of possession, he would receive a life sentence. Because he lost at the suppression hearing, he assumed that he would be convicted of possession. Although, at the time of the plea, he was focused only on the life sentence, he stated that he learned after he entered the plea that he would not be sentenced to life imprisonment if he was found guilty of possession and not guilty of conspiracy.

The district court rejected Mr. Gilchrist's assertions. The court pointed out that Mr. Gilchrist had admitted all of the facts needed to prove conspiracy and that he had agreed to a sentence of 180 months in prison. Also, the court recognized that Mr. Gilchrist did not assert any misunderstanding in his motion to withdraw the guilty plea and that it appeared he merely had buyer's remorse. Accordingly, the court accepted the plea agreement and sentenced Mr. Gilchrist to the agreed 180 months in prison.

## II. ANALYSIS

Mr. Gilchrist argues that he did not knowingly and voluntarily plead guilty. He contends that despite the language of the plea agreement and the plea colloquy, his plea was based on a misunderstanding that he would only be able to appeal the denial of the motion to suppress if he received the life sentence. He maintains that he

did not know before pleading guilty that if he was convicted of possession, but not conspiracy, his sentence would not be life imprisonment. Because he allegedly did not knowingly and voluntarily enter into the plea agreement, he argues that it would be fundamentally unfair to enforce the appeal waiver.

### A. Standard of Review

In assessing whether an appeal waiver is knowing and voluntary, we consider whether the plea-agreement language states that the defendant entered into the agreement knowingly and voluntarily and whether the plea colloquy was adequate under Federal Rule of Criminal Procedure 11. *Hahn*, 359 F.3d at 1325. In making our assessment, we look at the totality of the circumstances. *United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir. 2014). Mr. Gilchrist bears the burden to show that his plea was not knowing and voluntary. *See id.* at 1187.

### B. Knowing and Voluntary Waiver

Mr. Gilchrist fails to meet his burden. The substantial evidence of the plea agreement and plea colloquy establishes that his plea was knowing and voluntary. *See United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) (deciding synergistic effect of plea agreement and plea colloquy "will often be conclusive" on question of knowing and voluntary waiver). Mr. Gilchrist, who stated at the plea colloquy that he reads at a college level, admitted reading and reviewing the plea agreement with his attorney. The district court performed a proper plea colloquy, ensuring that Mr. Gilchrist understood what he was agreeing to. We believe

Mr. Gilchrist's representations at the plea hearing, despite his change of heart before sentencing. *See id.* at 1233 ("A properly conducted plea colloquy, particularly one containing express findings, will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary.").

Accordingly, we conclude that Mr. Gilchrist's plea and plea agreement were entered into knowingly and voluntarily. *See Rollings*, 751 F.3d at 1189, 1190-91 (requiring both plea and agreement to be knowing and voluntary). We also conclude that enforcing the appeal waiver would not be fundamentally unfair.

## III. CONCLUSION

We grant the government's motion to enforce the plea agreement, and we dismiss this appeal.

Entered for the Court
Per Curiam
