**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN D. BONNEY,

     Petitioner-Appellant,

v.

EDDIE WILSON, Warden,
Wyoming State Penitentiary;
ROBERT LAMPERT, Director,
Wyoming Department of
Corrections; PETER K. MICHAEL,
Wyoming Attorney General,

     Respondents-Appellees.

No. 15-8010

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 2:11-CV-00345-NDF)**
_____

Diane E. Courselle, Laramie, Wyoming, University of Wyoming College of Law,
for Petitioner-Appellant.

David L. Delicath, Deputy Attorney General, (Peter K. Michael, Attorney
General, with him on the brief) Office of the Attorney General for the State of
Wyoming, Cheyenne, Wyoming, for Respondents-Appellees.
_____

Before **GORSUCH**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

This appeal involves a habeas action brought by Mr. Steven Bonney. When Mr. Bonney was 17, five of his child relatives accused him of sexual abuse. Mr. Bonney entered into a plea agreement with the State of Wyoming and pleaded guilty to charges involving two of the children. The state district court accepted the plea, entering a judgment of conviction and sentencing Mr. Bonney to two consecutive terms of 15-20 years' imprisonment (with the second term suspended in favor of probation for 15 years). Mr. Bonney soon regretted his plea and sought post-conviction relief, arguing that his trial counsel had been ineffective. The state district court denied relief on some claims and granted summary judgment to the State on other claims. Mr. Bonney then brought this federal habeas action. The federal district court granted habeas relief, but we reversed.[1] On remand the district court granted summary judgment to the respondents, and Mr. Bonney appeals. We reverse in part and affirm in part.

---

[1] In granting habeas relief, the district court held that Mr. Bonney's attorney had provided ineffective assistance by failing to inform Mr. Bonney of a letter from one of the alleged victims (K.S.). We reversed, holding that the state court "reasonably could have concluded that defense counsel's failure to disclose K.S.'s letter in a timely fashion was not sufficient to undermine confidence in the outcome of the prosecution and that a rational defendant would *not* have sought to withdraw his guilty plea despite K.S.'s *partial* recantation." *Bonney v. Wilson*, 754 F.3d 872, 886 (10th Cir. 2014) (emphasis in original).

**I.    Mr. Bonney did not commit a procedural default on his habeas claim involving trial counsel's failure to adequately investigate the children's accounts.**

In the habeas petition, Mr. Bonney claimed in part that his trial counsel had failed to adequately investigate the children's accounts. The state district court declined to consider the merits of this claim, reasoning that Mr. Bonney had not raised the claim through a direct appeal. As a result, the federal district court considered the habeas claim procedurally defaulted.

But a direct appeal would have required Mr. Bonney's trial counsel to allege his own ineffectiveness, and the Wyoming courts have not evenhandedly required attorneys to raise their own ineffectiveness on direct appeal. For this reason, the procedural requirement, as applied by the state district court, did not constitute an adequate basis for procedural default. In these circumstances, the federal district court should have considered the merits of the habeas claim.

**A.    We do not address issues defaulted in state court based on a state procedural ground that is independent and adequate.**

On habeas review, we do not address issues that were decided in state court on an independent and adequate state procedural ground. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). The issue here is whether the

state procedural ground is "adequate."[2] A state procedural ground is adequate only if it has been applied "evenhandedly to all similar claims." *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982).

### B. The state district court concluded that Mr. Bonney should have filed a direct appeal to assert this claim.

The state procedural ground at issue here is based on Wyo. Stat. Ann. § 7-14-103(a)(i), which states that post-conviction relief is ordinarily unavailable if the claim could have been raised on direct appeal but wasn't. This statute is implicated because Mr. Bonney did not file a direct appeal; he instead asserted this claim for the first time in a post-conviction application. The state district court disapproved of this tactic, concluding that Mr. Bonney could have raised the claim on direct appeal but had failed to do so. Thus, relying on Wyo. Stat. Ann. § 7-14-103(a)(i), the state district court granted summary judgment to the State on Mr. Bonney's claim.

### C. We apply de novo review of the federal district court's ruling.

On habeas review, the federal district court concluded that the state procedural ground was adequate for purposes of procedural default. We review this conclusion de novo. *See Anderson v. Att'y Gen.*, 342 F.3d 1140,

---

[2]    In his reply brief, Mr. Bonney also argues that the state procedural ground is not independent. We need not address this argument.

4

1143 (10th Cir. 2003) ("This court reviews *de novo* whether claims are procedurally barred.").

**D.    The respondents bore the burden of proving that the state procedural ground was adequate even though Mr. Bonney lacked separate appellate counsel.**

In conducting this review, we note that the respondents bear the burden of proof because procedural default is an affirmative defense. *Hooks v. Ward*, 184 F.3d 1206, 1216-17 (10th Cir. 1999). Thus, the respondents had to prove in federal district court that the State of Wyoming had evenhandedly applied § 7-14-103(a)(i) to all similar claims. *See* Part I(A), above.

**E.    The state procedural ground is inadequate here because Wyoming courts have not evenhandedly required trial attorneys to allege their own ineffectiveness in a direct appeal.**

Mr. Bonney argues that the state procedural ground is not adequate because his only attorney during the period for an appeal was the attorney who had handled the trial. In Mr. Bonney's view, Wyoming courts have not evenhandedly required trial attorneys to assert their own ineffectiveness in a direct appeal. We agree.

The Wyoming Supreme Court has considered it "questionable" for attorneys to allege their own ineffectiveness. *Keats v. State*, 115 P.3d 1110, 1117 (Wyo. 2005). The court has also expressed skepticism about such an allegation when the defendant's trial and appellate attorneys are

not independent from one another. *Id.* For example, in *Keats v. State*, the defendant's appellate counsel considered herself a subordinate of the defendant's trial counsel. *Id.* In light of this relationship between the attorneys, the Wyoming Supreme Court applied cases stating "that it is not appropriate or expected for one to raise one's own ineffectiveness." *Id.*[3]

Against this backdrop, the respondents have not identified a single case in which Wyoming courts applied § 7-14-103(a)(i) when

- the defendant's appellate counsel also served as trial counsel or

- the defendant's only attorney during the appeal period also handled the trial.

*See* Oral Arg. 31:41-32:03 (concession by the respondents that the Wyoming Supreme Court has never applied § 7-14-103(a)(i) when the same attorney represented the defendant at trial and in the direct appeal). Thus, § 7-14-103(a)(i) cannot serve as an adequate basis for a procedural default. *See Neill v. Gibson*, 263 F.3d 1184, 1193 (10th Cir. 2001) (stating that Oklahoma's "procedural bar . . . is not adequate to preclude habeas review of [the habeas petitioner's] ineffective-assistance claim because the same attorney represented [the petitioner] both at trial and on direct appeal");

---

[3]    Our circumstances differ because Mr. Bonney never filed a direct appeal. But the Wyoming Supreme Court applies § 7-14-103(a)(i) when the defendant bypasses a direct appeal to assert a claim for the first time in a post-conviction application. *Hauck v. State*, 162 P.3d 512, 515 (Wyo. 2007). Thus, the federal district court applied § 7-14-103(a)(i), reasoning that Mr. Bonney's attorney could have appealed based on ineffectiveness of trial counsel.

*Walker v. Gibson*, 228 F.3d 1217, 1231-32 (10th Cir. 2000) ("[T]he claim is not procedurally barred because [the habeas petitioner] had the same counsel at trial and on appeal.").

The respondents argue that in our unpublished opinion in *Teniente v. Wyoming Attorney General*, we held that the procedural requirements in § 7-14-103(a)(i) are considered adequate for procedural default. 412 F. App'x 96 (10th Cir. 2011) (unpublished). Indeed, they ordinarily are. But *Teniente* involved claims of prosecutorial misconduct and evidentiary error, not ineffective assistance. 412 F. App'x at 101. As a result, we did not address the adequacy of the procedural requirements in § 7-14-103(a)(i) when the habeas claim would involve an attorney's allegation of his own ineffectiveness. *See id.* Thus, *Teniente* did not involve our issue.[4]

### F.    The alleged procedural default cannot be based on Mr. Bonney's appeal waiver.

In concluding that the habeas claim was procedurally defaulted, the federal district court pointed to Mr. Bonney's waiver of his right to appeal. But for two reasons, the appeal waiver cannot serve as the basis for a procedural default: (1) the waiver was not invoked in state court, and (2) Wyoming courts have not evenhandedly enforced appeal waivers when defendants attribute their guilty pleas to ineffective legal representation.

---

[4]    Because *Teniente* was unpublished, it would not constitute precedent even if the opinion had addressed our issue. 10th Cir. R. 32.1(A).

First, the state district court did not mention the appeal waiver. Even here, the respondents do not argue that the appeal waiver would support a procedural default. *See, e.g.*, Appellees' Resp. Br. at 13-15; Oral Arg. at 24:47-24:54. That is understandable because § 7-14-103(a)(i) would not apply to an appeal waiver. This section expressly covers the failure to raise an argument in a direct appeal, but says nothing about the waiver of a right to appeal. Thus, in relying on § 7-14-103(a)(i), the state district court relied on the failure to assert the claim in a direct appeal, not Mr. Bonney's waiver of his right to appeal.

Second, Wyoming courts have not evenhandedly enforced appeal waivers to preclude consideration of ineffective assistance claims. Wyoming courts apply a three-part test to determine the enforceability of an appeal waiver:

1.  Does the appeal fall within the scope of the appeal waiver?

2.  Did the defendant knowingly and voluntarily waive appellate rights?

3.  Would enforcement result in a miscarriage of justice?

*Henry v. State*, 362 P.3d 785, 789 (Wyo. 2015). In determining whether enforcement would result in a miscarriage of justice, Wyoming courts consider whether the defendant lacked effective assistance of counsel in negotiating the waiver. *Id.* at 790.

8

Mr. Bonney's appeal waiver was contained in his plea agreement. Mr. Bonney attributes that plea agreement to ineffective assistance, claiming that his attorney exaggerated the benefits of the agreement and underestimated the potential for an acquittal. The Wyoming Supreme Court has never addressed the validity of an appeal waiver that was allegedly the product of ineffective assistance. As a result, the respondents have not shown evenhanded enforcement of appeal waivers in similar circumstances.

For both reasons, the procedural default cannot be based on Mr. Bonney's appeal waiver.

### G. We must remand rather than consider the possibility of affirming on alternative grounds involving the merits.

Because the federal district court erred in applying procedural default, we must decide whether to consider the possibility of affirming on alternative grounds involving the merits. We have declined to affirm a grant of summary judgment on alternative grounds when doing so would be unfair to the nonmovant. *See Tavery v. United States*, 32 F.3d 1423, 1427 n.5 (10th Cir. 1994). Affirmance on alternative grounds would be unfair here.

Mr. Bonney, as the nonmovant opposing summary judgment, was obligated only to present evidence opposing the arguments made in the

9

respondents' summary judgment motion. *See id.*[5] In federal district court, the respondents sought summary judgment on this claim based solely on procedural default; they did not argue in the alternative that the habeas claim would fail on the merits. As a result, Mr. Bonney had no reason to respond to the summary judgment motion with evidence supporting the merits of his habeas claim. Even now, the respondents do not defend the summary judgment ruling on the merits of the claim. In these circumstances, it would be unfair to affirm based on the merits. *See id.* ("We feel it would be unfair to affirm the summary judgment against Ms. Tavery [on the basis of an] argument . . . not made below."); *see also* Fed. R. Civ. P. 56(f), (f)(2) (permitting entry of summary judgment on "grounds not raised by a party" only after the adverse party has obtained "notice and a reasonable time to respond"). Thus, we decline to consider the possibility of affirming based on alternative grounds involving the merits. *See Evers v. Regents of the Univ. of Colo.*, 509 F.3d 1304, 1309-10 (10th Cir. 2007) (stating that the Court of Appeals could not affirm a summary judgment

---

[5] The federal district court has discretion whether to apply the Federal Rules of Civil Procedure in habeas cases. *See* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts; *see also* Fed. R. Civ. P. 81(a)(4) (stating that in habeas cases, the applicability of the Federal Rules of Civil Procedure is governed by the Rules Governing Section 2254 Cases). In the summary judgment proceedings, the federal district court and the parties relied on Rule 56 of the Federal Rules of Civil Procedure. As a result, we apply our case law involving a party's duty under Rule 56 to respond to the grounds raised in the summary judgment motion.

award on alternative grounds because the nonmoving party had no notice of the need to present argument and all his evidence on the issue).

**II.    The federal district court properly rejected Mr. Bonney's other habeas claims on substantive grounds.**

In claiming ineffective assistance, Mr. Bonney also complained about his attorney's portrayal of the benefits from the plea agreement. On appeal, Mr. Bonney claims that his attorney exaggerated

- the benefits from dismissal of one count (Count V),

- the value of the prosecutor's promise to make a favorable recommendation to a prosecutor in another county (Pueblo County) about the possible filing of additional charges, and

- the significance of one child's (P.M.'s) statement to prosecutors.

On these claims, the state district court granted an evidentiary hearing and

- granted summary judgment to the State on the claim involving failure to seek dismissal of Count V,

- granted summary judgment to the State on the claim involving exaggeration of the value of a recommendation not to pursue charges in Pueblo County, and

- denied habeas relief on the claim involving exaggeration about P.M.'s interview with prosecutors.

Mr. Bonney renewed these claims in the habeas petition, and the federal district court granted summary judgment to the respondents on each claim. We agree with these rulings.

11

**A.    Our review is limited under federal law.**

The threshold issue is our standard of review. Because the federal district court granted summary judgment, we apply de novo review. *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003). Thus, we must apply the standard that applied in federal district court. *See Sperry v. McKune*, 445 F.3d 1268, 1271 (10th Cir. 2006) (stating that in considering a summary judgment motion on a habeas claim, we "apply[] the same standards used by the district court").

That standard had two components:

- Federal Rule of Civil Procedure 56, which governs the award of summary judgment, and

- 28 U.S.C. § 2254(d), which governs the award of habeas relief.

The federal district court applied both components when awarding summary judgment to the respondents. Thus, we must consider the interplay between

- the standard for summary judgment in Federal Rule of Civil Procedure 56 and

- the restrictions in 28 U.S.C. § 2254(d) for a grant of federal habeas relief.

*See Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007) ("We review de novo a district court's award of summary judgment, applying [the Antiterrorism and Effective Death Penalty Act's] deferential standard of

12

review to the state court's adjudication of a petitioner's claims on the merits.").

The standard in federal district court was established in a federal statute, 28 U.S.C. § 2254(d). Under that statute, the federal district court cannot engage in de novo review of legal conclusions adjudicated on the merits in state court. *See* 28 U.S.C. § 2254(d). Instead, the scope of the federal district court's review turns on whether the state court adjudicated the merits. *See id.*[6]

The state district court rejected two of the constitutional claims by awarding summary judgment to the State, and these rulings constituted adjudications on the merits. *See Goichman v. City of Aspen*, 859 F.2d 1466, 1471 n.13 (10th Cir. 1988) ("We recognize that summary judgment operates as an adjudication on the merits."). As a result, the federal district court had to apply 28 U.S.C. § 2254(d)(1) on each of the three claims. This section allows consideration of the underlying habeas claim only if the state district court

- acted contrary to a Supreme Court decision or

- unreasonably applied a Supreme Court decision.

---

[6]    In post-conviction proceedings, the Wyoming Supreme Court denied certiorari. But there the court did not provide analysis. As a result, we review only the last reasoned court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see Brecheen v. Reynolds*, 41 F.3d 1343, 1358 (10th Cir. 1994) ("In practice, the look-through rule tells a federal habeas court to ignore the unexplained order and focus upon the last reasoned state court decision.").

13

28 U.S.C. § 2254(d)(1).[7]

### B. We apply a two-part test in addressing Mr. Bonney's claim of ineffective assistance.

In applying the standard under § 2254(d)(1),[8] we consider Mr.

Bonney's ineffectiveness claims under the two-part test in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Bonney had to

show that

- counsel's performance was objectively unreasonable and

- there was a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

466 U.S. at 687-88, 694. To show prejudice (the second prong) in the

context of a plea agreement, Mr. Bonney had to "convince the court that a

decision to reject the plea bargain would have been rational under the

circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *accord*

*Bonney v. Wilson*, 754 F.3d 872, 884 (10th Cir. 2014). In applying this

---

[7]    Rule 56 and 28 U.S.C. § 2254(d) differ in how the federal district court is to view the evidence. Under Rule 56, the federal district court must view the evidence in the light most favorable to the nonmovant (Mr. Bonney). *Bertsch v. Overstock.com*, 684 F.3d 1023, 1027 (10th Cir. 2012). Under § 2254(d)(2), however, the federal district court must view the evidence in a light reasonably supportive of the state district court's findings. *See* Part II(D), below.

The difference between Rule 56 and § 2254(d)(2) does not affect our consideration of this issue because Mr. Bonney has declined to invoke § 2254(d)(2) on this habeas claim.

[8]    *See* Part II(A), above.

14

test, the federal district court concluded that the alleged deficiencies in the representation would not have been prejudicial.

**C.     The federal district court did not err in granting summary judgment to the respondents on the habeas claim involving failure of Mr. Bonney's attorney to seek dismissal of Count V.**

In the habeas petition, Mr. Bonney alleged that his trial counsel was ineffective in failing to seek dismissal of Count V, which charged third-degree sexual assault of V.B. Under state law, a third-degree sexual assault took place only if the perpetrator was an adult and the victim was 13 or younger. Wyo. Stat. Ann. § 6-2-304(a)(ii) (repealed 2007).[9] Mr. Bonney was only 17 at the time, not yet an adult, and V.B. was 14. The state district court granted summary judgment to the State, reasoning that counsel's alleged failure to seek dismissal was not prejudicial. The federal district court concluded that this ruling does not entitle Mr. Bonney to federal habeas relief. We agree.

---

[9]     Under Wyoming law, the prosecution is governed by the law in effect when the alleged crime took place. *See* Wyo. Stat. Ann. § 6-1-101(b). (stating that "[p]rosecutions for a crime shall be governed by the law in effect on the date when the crime occurred"). Thus, the 2007 repeal of the statute does not affect this appeal. *See* Wyo. Stat. Ann. § 8-1-107 ("[N]or shall any repeal or amendment affect . . . prosecutions or proceedings existing at the time of the . . . repeal, unless otherwise expressly provided in the amending or repealing act."). The conduct that was previously outlawed by Wyo. Stat. Ann. § 6-2-304(a)(ii) is now outlawed by §§ 6-2-315(a)(ii) and 6-2-316(a)(i).

The plea agreement required the State to dismiss Count V. Thus, Mr. Bonney obtained the benefit of dismissal even though it came as part of a plea agreement rather than an order on a motion to dismiss.

Mr. Bonney argues that he signed the plea agreement partly because his attorney had exaggerated the value of the State's promise to dismiss Count V. According to Mr. Bonney, the State's promise was meaningless because he was too young and the alleged victim (V.B.) was too old for a third-degree sexual assault. Even if Mr. Bonney is correct, the prosecutors could have amended the charges. For example, prosecutors could have invoked Wyo. Stat. Ann. § 14-3-105(a) (repealed 2007),[10] which prohibited Mr. Bonney from "knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act."

The opportunity to amend the charge is fatal to this habeas claim because even if Count V were facially invalid, the attorney's alleged failure to file a motion to dismiss did not affect the likelihood that a rational defendant would accept the plea agreement. In these circumstances, Mr. Bonney suffered no prejudice. As a result, the respondents were entitled to summary judgment on this habeas claim.

---

[10]     This statute was repealed in 2007. *See* note 8, above.

16

**D.  We affirm the grant of summary judgment to the respondents on the ineffective assistance claim involving counsel's exaggeration of the value of a recommendation that Pueblo County drop its charges.**

Mr. Bonney faced potential charges in two jurisdictions:

1.  Pueblo County, Colorado and

2.  Laramie County, Wyoming.

These potential charges were based on reports that Mr. Bonney had engaged in sexual misconduct with five child relatives of Mr. Bonney: P.M., K.S., K.B., T.N., and V.B. By the time Mr. Bonney pleaded guilty, the prosecutors had narrowed the charges to be filed. In Laramie County, the charges involved sexual misconduct against only T.N. and V.B. In Pueblo County, Mr. Bonney faced the possibility of charges involving another child: K.B.

Mr. Bonney pleaded guilty to the Laramie County charges. In return, the Laramie County prosecutors agreed to recommend to prosecutors in Pueblo County that they not pursue any charges involving K.B. According to Mr. Bonney, his attorney overstated the risk of additional charges involving K.B. Mr. Bonney downplays the risk, insisting that Pueblo County prosecutors had already decided not to pursue the charges by the time he signed an amended plea agreement.

On this claim, the state district court granted summary judgment to the State based on a lack of prejudice. Based on this ruling, the federal

17

district court awarded summary judgment to the respondents. In reviewing this grant of summary judgment, we apply the dual standards under

- Federal Rule of Civil Procedure 56 and

- 28 U.S.C. § 2254(d).

*See* Part II(A), above. Applying these standards, we agree that this habeas claim fails for lack of prejudice.

To prevail on this habeas claim, Mr. Bonney must show that an objectively reasonable defendant would not have accepted the amended plea agreement if trial counsel had taken further steps to learn the status of the case in Pueblo County. *See* Part II(A), above. Mr. Bonney cannot prevail under this standard. When he signed the initial plea agreement, promising to plead guilty, Pueblo County prosecutors were still considering whether to pursue the charges involving K.B. Mr. Bonney later signed an amended plea agreement; by that time, Pueblo County prosecutors had decided not to pursue the additional charges.

According to Mr. Bonney, he would not have signed the amended plea agreement if he had known of the decision by Pueblo County prosecutors. But if Mr. Bonney had refused to sign the amended plea agreement, the original plea agreement would have applied. The original agreement was virtually identical to the amended plea agreement, for both versions

18

- required Mr. Bonney to plead guilty to two counts of second-degree sexual assault and

- required the prosecutors to recommend consecutive sentences of 15-20 years on the two counts.

Mr. Bonney acknowledges one difference, but this difference benefited him: Without the amendment, prosecutors could have brought new charges involving sexual misconduct against K.S. This possibility was eliminated in the amended plea agreement.[11]

Having already committed to plead guilty under the initial plea agreement, no rational defendant would have refused to enter the amended plea agreement even if he or she had greater information about the status of the Pueblo County charges. In these circumstances, Mr. Bonney was not prejudiced by his attorney's alleged failure to learn the current status of the Pueblo County investigation. As a result, the respondents were entitled to summary judgment on this claim.

---

[11]    The amended plea agreement also expressly allowed K.S. and P.M. to testify at the sentencing. But the original plea agreement did not prohibit that testimony. In the absence of such a prohibition, the state district court could have allowed testimony by K.S. and P.M. *See Town v. State*, 351 P.3d 257, 262-64 (Wyo. 2015) (allowing testimony at sentencing); *Magnus v. State*, 293 P.3d 459, 468-69 (Wyo. 2013) (allowing consideration of other offenses at sentencing).

**E.   The federal district court did not err in rejecting Mr. Bonney's habeas claim involving his attorney's misrepresentation about P.M.'s statements to prosecutors.**

P.M. told prosecutors that he had been sexually abused by Mr. Bonney. Under the amended plea agreement, prosecutors agreed not to charge Mr. Bonney with abuse of P.M. According to Mr. Bonney, his attorney exaggerated the value of this promise, stating falsely that P.M. had given a video recording lasting 3½ hours, had appeared to be a compelling witness, and had told prosecutors about 8 separate acts that could result in 8 additional charges. The state district court conducted an evidentiary hearing and rejected the habeas claim on the merits. In doing so, the court found that

- Mr. Bonney's version of events was that his attorney had told Mr. Bonney's family about the P.M. video before the video could have been made,

- there was some doubt regarding the veracity of Mr. Bonney's version,

- P.M.'s testimony could have created problems for Mr. Bonney at trial, and

- P.M.'s testimony could have resulted in additional charges.

Mr. Bonney argues that his counsel

- failed to independently evaluate the prosecutor's representations about P.M.'s testimony and

- exaggerated the importance of P.M.'s expected testimony.

20

But in light of the state district court's factual findings, we conclude that Mr. Bonney was not prejudiced by his counsel's alleged deficiencies.

The state district court found that it was "true" that "P.M.'s testimony could cause problems if allowed to be presented as 404(b) evidence ['proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident'] in this case" and that "additional charges could be filed." Appellant's App'x at 682.

Mr. Bonney does not challenge the reasonableness of this finding, and that omission is fatal. Even if Mr. Bonney's counsel had investigated further, he would have found that "P.M.'s testimony could cause problems" with respect to the existing charges and that the State could have filed additional charges. *Id.* The agreement allowed Mr. Bonney to

- avoid additional charges related to P.M. and

- reduce the risk that P.M. would be allowed to testify.

Thus, Mr. Bonney has not shown that further investigation would have led a reasonable person to reject the plea agreement. *See* Part II(A), above.

Because the state district court reasonably applied Supreme Court precedent, we uphold the denial of habeas relief on the claim involving P.M.'s statement to prosecutors.

## III. Disposition

We reverse the award of summary judgment to the respondents on the habeas claim involving a failure to adequately investigate

21

discrepancies in the children's accounts. We affirm the rulings on the other habeas claims.