FILED
United States Court of Appeals
Tenth Circuit

December 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MONTY SULLIVAN,

     Petitioner - Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary; ROBERT LAMPERT,
Director, Wyoming Department of
Corrections,

     Respondents - Appellees.

No. 16-8101
(D.C. No. 2:15-CV-00198-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Monty Sullivan seeks a certificate of appealability ("COA") to appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition. We deny a COA and

dismiss the appeal.

**I**

Sullivan was convicted in Wyoming state court of two counts of sexual abuse

of a minor. On direct appeal, he raised a single issue: prosecutorial misconduct.

The Wyoming Supreme Court affirmed. Sullivan then filed a petition for state post-

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction relief, arguing ineffective assistance of trial counsel. The trial court concluded that Sullivan's claims were procedurally barred because they were not raised on direct appeal and did not fit within an exception for claims not raised because of ineffective assistance of appellate counsel. See Wyo. Stat. § 7-14-103(a)(i), (b)(ii). The court further stated that because "Sullivan's claims of ineffective assistance of trial counsel [were] without merit," his post-conviction petition had to be denied "with or without application of the post-conviction procedural[] bar rules." The Wyoming Supreme Court denied certiorari.

Sullivan then filed a § 2254 petition. The district court dismissed, ruling that Sullivan's claims were defaulted pursuant to an independent and adequate state procedural rule. The court also held Sullivan failed to show that ineffective assistance of counsel provided cause to excuse his procedural default. It declined to issue a COA. Sullivan now seeks a COA from this court.[1]

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing with respect to claims dismissed by the district court on procedural grounds, Sullivan must show that "jurists of reason would find it debatable whether

---

[1] Judgment was entered on June 30, 2016. The district court granted Sullivan an extension of time, through September 6, 2016, to file a notice of appeal. Sullivan's notice of appeal was not filed until September 7 but is timely under the prison mailbox rule. See Montez v. Hickenlooper, 640 F.3d 1126, 1133 (10th Cir. 2011).

2

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**A**

We generally will not address the merits of a claim that was defaulted in state court on an independent and adequate state procedural ground. Thacker v. Workman, 678 F.3d 820, 835 (10th Cir. 2012). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). "[W]hen resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law . . . ." Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

The state trial court determined that Sullivan's claims were procedurally barred unless he could demonstrate ineffective assistance of appellate counsel.[2] See Wyo. Stat. § 7-14-103(a)(i), (b)(ii); see also Keats v. State, 115 P.3d 1110, 1115 (Wyo. 2005) ("[C]laims of ineffective assistance of appellate counsel are statutorily recognized as the portal through which otherwise waived claims of trial-level error may be reached." (quotation omitted)). The court recognized that the standard for ineffective assistance claims at the trial and appellate level flows from Strickland v. Washington, 466 U.S. 668 (1984). And after considering Sullivan's specific allegations of ineffectiveness, the state trial court concluded that his "claims of

---

[2] Because the Wyoming Supreme Court denied certiorari without analysis, we review the "last reasoned court decision." Bonney v. Wilson, 817 F.3d 703, 711 n.6 (10th Cir. 2016).

3

ineffective assistance of trial counsel [were] without merit." Thus, the court stated that "with or without application of the post-conviction procedural[] bar rules, [Sullivan's] post-conviction petition must be denied."

The trial court's procedural ruling rested on its conclusion that trial counsel was not ineffective. That is, the court ruled that appellate counsel permissibly declined to argue that trial counsel was ineffective because trial counsel's performance was sufficient. See generally Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (in considering whether appellate counsel was ineffective for failing to raise an issue, courts "look to the merits of the omitted issue"). Accordingly, the court reached its procedural ruling only by first deciding the merits of Sullivan's federal claim. Under these circumstances, application of Wyoming's procedural bar is not independent of federal law. See Ake, 470 U.S. at 75 (state rule not independent if "application of the procedural bar depend[s] on an antecedent ruling on federal law, that is, on the determination of whether federal constitutional error has been committed").[3]

Moreover, this is not a case in which the state court made an alternative merits ruling in addition to an independent and adequate state procedural determination. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (federal courts must "honor a state

---

[3] Our conclusion does not suggest that every application of Wyo. Stat. § 7-14-103(a)(i) is dependent on federal law. See, e.g., Teniente v. Wyo. Attorney Gen., 412 F. App'x 96 (10th Cir. 2011) (unpublished) (requirement that claims be raised on direct appeal is an independent and adequate state ground in case that did not involve state court's antecedent ruling on merits of federal claim). Our decision rests on the trial court's analysis of the merits of Sullivan's federal claims, which will not occur in every instance.

4

holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law" in making an alternative ruling).  The trial court stated that Sullivan's petition fails with or without the procedural bar.  But, as described above, its application of the procedural bar was not independent of federal law.

**B**

Because the procedural bar at issue was not independent, we assess the merits of Sullivan's claims.  See Slack, 529 U.S. at 484 (petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" to obtain a COA).[4]  If a state court denies relief "because it finds the claim lacks merit under federal law . . . , there is no independent state ground of decision and, thus, no basis for procedural bar" but "the state court's disposition [is] entitled to § 2254(d) deference because it was a form of merits review."  Cargle v. Mullin, 317 F.3d 1196, 1206 (10th Cir. 2003).  Thus, to prevail, Sullivan must show that the state courts' adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented . . . ."  § 2254(d)(1), (2).

---

[4] The district court considered the merits of Sullivan's claims in determining whether he could establish cause and prejudice.  See Thacker, 678 F.3d at 835. Accordingly, we have no reason to remand despite our determination as to procedural bar.

5

A petitioner claiming ineffective assistance of counsel must demonstrate both "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. Sullivan argues that his trial counsel was ineffective for failing to: (1) obtain an expert to review a video interview of the victim; (2) investigate statements made to Sullivan by the victim's doctor; (3) challenge the voluntariness of Sullivan's confession; and (4) object to prejudicial testimony. He also argues cumulative error. We conclude that the state court's adjudication of these claims was reasonable.[5]

Counsel permissibly declined to present expert testimony regarding a video interview with the victim. Because the video was not presented to the jury, an expert could not have challenged the reliability of the victim's recorded statements. Moreover, the victim testified at trial, and counsel cross-examined her regarding the reliability of her testimony. Through that cross-examination, counsel established that the victim had rehearsed her testimony, had accused others of sexual abuse, had admitted that the incidents were difficult to remember, and could not provide details regarding the incidents. The state court reasonably concluded that counsel's efforts did not fall below the Strickland threshold.

---

[5] The state trial court listed Sullivan's sub-claims but did not independently address each one. Instead, it summarily concluded that Sullivan had not shown ineffective assistance. Under these circumstances, we presume the court adjudicated the claims on the merits. See Harrington v. Richter, 562 U.S. 86, 99-100 (2011).

Sullivan also argues that counsel should have contacted the victim's doctor. He claims the doctor would have testified that the victim did not show signs of abuse; however, Sullivan does not cite to any statement from the doctor to support his claim, and the sole medical record Sullivan offers is from an exam conducted long after Sullivan's abuse took place. We conclude that Sullivan has not shown the state court's rejection of this claim was unreasonable.

On the third claim of ineffective assistance, we conclude it is not reasonably probable that the court would have suppressed Sullivan's confession as involuntary. In considering whether a statement is voluntary, courts consider the totality of the circumstances, including: "(1) the age, intelligence, and education of the defendant; (2) the length of detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subject to physical punishment." United States v. Lopez, 437 F.3d 1059, 1063-64 (10th Cir. 2006) (quotation omitted). Sullivan admits that he was advised of his rights and that the interview lasted only two hours. He does not claim he was physically punished, aggressively questioned, or particularly prone to coercion.

Finally, Sullivan contends his attorney was ineffective for failing to object to testimony from a police chief describing conduct related to a dismissed charge. But counsel did object to this testimony and was overruled. The prosecutor explained that the question was not intended to establish the truth of the matter asserted, but to flesh out what the chief told Sullivan, given that Sullivan had admitted generally to doing what the chief described. See Wyo. R. Evid. 404(b) (evidence of prior bad acts

7

is inadmissible to prove a person's character, but may be admissible for other purposes).

We conclude that none of Sullivan's allegations, individually or cumulatively, amount to ineffective assistance. See Cargle, 317 F.3d at 1206-07 (describing cumulative error review).

**III**

Sullivan's request for a COA is **DENIED** and the appeal is **DISMISSED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge