FILED
United States Court of Appeals
Tenth Circuit

April 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARLOS GILCHRIST,

     Defendant - Appellant.

No. 16-3200
(D.C. Nos. 2:15-CV-09282-KHV and
2:12-CR-20066-KHV-JPO-40)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Carlos Gilchrist appeals from the district court's order denying his motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We previously

granted him a certificate of appealability (COA).  *See id.* § 2253(c)(1)(B).  We now

affirm the district court's judgment.

**BACKGROUND**

On October 3, 2012, the government filed a Second Superseding Indictment

(Indictment) against about 50 defendants, including Mr. Gilchrist.  He was named in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

two of the counts. Count 1 of the Indictment charged him with conspiring (1) to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of cocaine base; and (2) to possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 18 U.S.C. § 2. Count 39 charged him with knowingly and intentionally distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. Mr. Gilchrist pleaded not guilty to these charges and his case was set for trial.

Count 1 carried a mandatory term of imprisonment of ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(ii), (iii); 846. On June 17, 2013, the government filed a notice under 21 U.S.C. § 851 that Mr. Gilchrist had four prior felony drug convictions, which increased the statutory minimum sentence on Count 1 to life in prison. *See id.* § 841(b)(1)(A). Although Count 39 carried no mandatory minimum sentence, the statutory maximum without the § 851 enhancement was 20 years, and with the enhancement it was increased to 30 years. *See id.* § 841(b)(1)(C).

Mr. Gilchrist's attorney filed a pretrial suppression motion, which the district court denied shortly before the scheduled trial date. According to Mr. Gilchrist, his attorney then attempted to persuade him to plead guilty and to accept the government's offer of a stipulated sentence of 180 months on the conspiracy count. But Mr. Gilchrist refused, stating he was not guilty of conspiracy.

Mr. Gilchrist claims that on the scheduled trial date his attorney presented him with a document to sign stating that he understood he would receive a "guaranteed"

2

life sentence if the jury found him guilty. R., Vol. 1 at 320. He states that his attorney and the Assistant United States Attorney misinformed him that even if he were convicted solely on the distribution count, he would still receive a mandatory life sentence. Unwilling to take this risk, and under "extreme duress," he agreed to plead guilty to the conspiracy count, even though he believed himself innocent of the charged conspiracy. *Id.* at 249.

The government prepared a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), which permits a stipulated sentence, subject to court approval. The plea agreement called for Mr. Gilchrist to plead guilty to the conspiracy count. He admitted to knowingly committing that offense and to being guilty of it. The agreement proposed a sentence of 180 months in prison, followed by five years of supervised release. As part of the agreement, the government would dismiss the distribution count and Mr. Gilchrist waived his right to appeal and to collaterally attack his judgment and sentence.

The parties signed the agreement, and a federal magistrate judge conducted a change-of-plea hearing. At the outset of the hearing the magistrate judge advised Mr. Gilchrist of his right to have his "guilty plea taken or considered by a United States District Judge, . . . one who's been appointed by the President and confirmed by the Senate." R., Vol. 1 at 196. But Mr. Gilchrist expressed his consent to proceed before the magistrate judge. He also signed a written consent form to this effect, which his attorney presented to the court.

3

In response to the magistrate judge's questions during the plea colloquy, Mr. Gilchrist stated that he understood the conspiracy charge and the maximum penalty for that charge; that he and his attorney had had a sufficient opportunity to review and discuss the terms of the proposed plea agreement, including the factual basis for the plea, his plea petition, and the charge; and that he had read each of those documents, word for word. He acknowledged that he and his attorney had discussed the applicable sentencing guidelines and that he was completely satisfied with his attorney's legal advice and representation.

The magistrate judge led Mr. Gilchrist through the factual basis for his plea to the conspiracy count. Mr. Gilchrist agreed that one of his codefendants had sold him multi-ounce quantities of cocaine and that a search of his residence had yielded approximately 65 grams of cocaine. The government then provided additional information in support of the guilty plea: that Mr. Gilchrist had on multiple occasions purchased quantities of cocaine from a coconspirator, which he had converted into crack cocaine and distributed to other individuals. Mr. Gilchrist did not dispute any of these facts. The magistrate judge conditionally accepted his plea, leaving it to a district judge to determine whether to accept the plea agreement with its stipulated sentence.

Mr. Gilchrist asserts that he immediately began attempting to contact his attorney, seeking to withdraw his guilty plea. He claims he met with his attorney and explained to him that when he pleaded guilty, he was confused about whether he

4

faced a life sentence on Count 39, the distribution count, alone. For this reason, he considered his plea to the conspiracy count unknowing and involuntary.

Mr. Gilchrist's attorney agreed to file a motion to withdraw the plea, but on a different basis. He told Mr. Gilchrist that he had uncovered discovery violations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972), that would permit withdrawal of his plea on the ground that it had not been knowing and voluntary.

The attorney did not file the withdrawal motion based on *Brady* and *Giglio* until December 16, 2013, over four months after Mr. Gilchrist pleaded guilty. The motion was referred to the magistrate judge who had accepted the plea. The magistrate judge denied the motion, finding among other things that his "assertion of innocence is completely belied by his plea agreement and admissions, made under oath, at the plea colloquy." Order, Doc. 1252 at 11, Aplt. Supp. R. at 36. The magistrate judge also denied his pro se motion for reconsideration. Mr. Gilchrist's attorney did not seek review of these decisions from a district judge.

At sentencing before a district judge, Mr. Gilchrist addressed the court. He stated he was not guilty of the conspiracy and that he had pleaded guilty to conspiracy only because he was stunned and confused. The district court noted that at the time of his guilty plea, Mr. Gilchrist had admitted all the facts necessary to prove the elements of the conspiracy charge, and stated, "[I]t looks to me like you have buyer's remorse." R., Vol. I at 169-70. After reviewing the sentencing factors

5

in 18 U.S.C. § 3553(a), the district court imposed the stipulated 180-month sentence, opining that it represented "a huge break" for Mr. Gilchrist. *Id.* at 187.

Mr. Gilchrist appealed to this court, arguing that his plea had not been knowing and voluntary. *See United States v. Gilchrist*, 575 F. App'x 837, 839 (10th Cir. 2014). We concluded that he had entered into both his plea and his plea agreement knowingly and voluntarily. We dismissed his appeal, finding it barred by the appeal waiver in his plea agreement.

Mr. Gilchrist then filed this § 2255 motion. The district court denied the motion without holding an evidentiary hearing. It also denied a COA. Mr. Gilchrist appealed. We granted him a COA on his claims "that his trial counsel provided ineffective assistance by coercing entry of a guilty plea and consent to proceed before a magistrate judge, by misrepresenting the potential sentence if the case went to trial, by failing to seek withdrawal of the guilty plea based on Mr. Gilchrist's misunderstanding of the potential sentence, and by failing to challenge the magistrate judge's authority to issue a final ruling." COA Order, at 1-2 (Sept. 14, 2016) (footnote omitted).

## ANALYSIS

"We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error. A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citation omitted). To succeed on his ineffective-assistance-of-counsel claim under § 2255, Mr. Gilchrist must show both

6

that his trial counsel's performance was deficient, *i.e.*, that the representation "fell below an objective standard of reasonableness as measured by prevailing professional norms"; and that he was prejudiced by the deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) (internal quotation marks omitted). We may consider the performance and prejudice prongs in either order; and if Defendant fails to meet his burden on one prong, we need not consider the other. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004).

To establish prejudice on his claim that counsel misrepresented the consequences of going to trial or "coerced" his plea, Mr. Gilchrist must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Heard v. Addison*, 728 F.3d 1170, 1183 (10th Cir. 2013) (internal quotation marks omitted). A reasonable probability requires a showing "'that a decision to reject the plea bargain would have been rational under the circumstances.'" *Bonney v. Wilson*, 817 F.3d 703, 712 (10th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

The evidence here undermines Mr. Gilchrist's claim that this standard has been satisfied. He has admitted that had he gone to trial he would have been convicted on the distribution count. Had he been convicted on that count, he would have faced a

30-year statutory maximum sentence. Because of his prior felony controlled-substance convictions, he would have qualified as a career offender under the advisory sentencing guidelines. *See* U.S.S.G. Manual § 4B1.1(a)(3) (2013). Therefore, his guideline offense level would have been 34, *see id.* § 4B1.1(b)(2), and his criminal history would have been Category VI, s*ee id.* § 4B1.1(b). Given this offense level and criminal-history score, his advisory guideline range on the distribution count alone would have been 262 to 327 months' imprisonment. *See id.* § 5A (Sentencing Table).

In view of this probable sentencing range, a rational defendant would not have rejected a plea agreement carrying a stipulated sentence of only 180 months. Moreover, after reviewing the record the district court found that Mr. Gilchrist had not shown a reasonable probability that absent his attorney's conduct he would have insisted on a trial. Mr. Gilchrist was therefore not prejudiced by his attorney's advice that led to the plea agreement. A fortiori, he was also not prejudiced by the alleged delay of four months in the filing of his motion to withdraw his guilty plea, or by his attorney's failure to include his alleged misunderstanding concerning the plea as a ground for withdrawal.

Mr. Gilchrist also argues that two instances of his counsel's alleged deficient performance involved structural errors and therefore did not require him to show prejudice: (1) counsel's coercing him into pleading guilty before a magistrate judge, and (2) counsel's failure to object to the magistrate judge's authority to issue a final decision on his motion to withdraw his guilty plea. *See United States v. Holloway*,

8

826 F.3d 1237, 1241 (10th Cir. 2016) (structural error would not require a showing of prejudice to establish a constitutional violation).

Mr. Gilchrist has failed to show defective performance by his attorney in connection with the entry of his plea before the magistrate judge. It is not error for a magistrate judge to conduct a plea hearing for, or to accept a guilty plea from, a consenting defendant. *See United States v. Montano*, 472 F.3d 1202, 1204 (10th Cir. 2007). We need not determine whether the magistrate judge would have committed structural error by accepting a plea *without* Mr. Gilchrist's consent, because he *did* consent. As noted, he expressed his informed consent to enter his guilty plea before the magistrate judge both orally and in writing. To counter this evidence, Mr. Gilchrist presents only a vague argument that he was coerced into consenting to proceed before a magistrate judge because his lack of understanding of the consequences of his plea somehow "bled into" consent, and that it is "implausible" that his attorney had the opportunity to explain to him the consequences of presenting his plea to a magistrate judge.[1] Aplt. Opening Br. at 15. This speculation is insufficient to overcome his affirmative representations of consent after being fully informed by the magistrate judge of his right to proceed before a district judge.

---

[1] In his reply brief, Mr. Gilchrist asserts that his "duress was apparent during the change of plea hearing." Reply Br. at 1. He cites a portion of the plea colloquy when the district court asked him about mental illness, querying whether he might need treatment based on "what's going on here presently." R., Vol. 1 at 251 (quoting transcript). Mr. Gilchrist answered that "[i]t was tempting, but no." *Id.* This vague, negative response is insufficient to show lack of knowing and voluntary consent to proceed before the magistrate judge.

9

Mr. Gilchrist's other structural-error argument is based on the contention that the magistrate judge lacked authority to rule on his motion to withdraw his plea. But the issue before us is alleged ineffective assistance of counsel. Was Mr. Gilchrist's attorney incompetent in not challenging the magistrate judge's authority? We think not. After the magistrate judge ruled on the motion to withdraw, a competent attorney could reasonably decide that it would be pointless to pursue the matter further. Even if the magistrate judge lacked authority, defense counsel had no obligation to pursue a motion that was doomed to fail. In this circumstance, failure to seek review from the district court either to challenge the magistrate judge's authority or to challenge the propriety of the magistrate judge's decision was not ineffective assistance. We note that at sentencing the district judge expressed full approval of the magistrate judge's ruling. Because the performance of Mr. Gilchrist's attorney was not deficient, we need not consider whether there was prejudice.

Finally, Mr. Gilchrist fails to show that he was entitled to an evidentiary hearing on his claims. *See* 28 U.S.C. § 2255(b) (evidentiary hearing is unnecessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## CONCLUSION

We affirm the district court's judgment denying Mr. Gilchrist's 28 U.S.C.
§ 2255 motion.

Entered for the Court


Harris L Hartz
Circuit Judge